# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0416, <u>John Morris & a. v. Town of Dublin</u>, the court on April 12, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, the Town of Dublin (town), appeals the order of the Superior Court (<u>Kissinger</u>, J.), following a two-day bench trial and a view, granting, in part, the petition for tax abatement filed by John Morris and Joan Griffin (petitioners). The town argues that the trial court erred in: (1) ruling that the petitioners met their burden of proof to show that they were entitled to a tax abatement; (2) determining the fair market value of the property without expert testimony from the petitioners; and (3) abating the petitioners' taxes, when their case consisted of a challenge to the assessment methodology, rather than a claim of disproportionality.

The town first argues that the trial court erred in abating the petitioners' taxes because they failed to meet their burden of proving the fair market value of their property. To succeed on their tax abatement claim, the petitioners had the burden of proving by a preponderance of the evidence that they were paying more than their proportional share of taxes. <u>Porter v. Town of Sanbornton</u>, 150 N.H. 363, 367 (2003). In abatement proceedings, where the issue is whether the taxpayers are paying more than their share of the common tax burden, an abatement is granted on the premise that the sum assessed was disproportionately higher in relation to the property's true value than was the case as to other property in the town. <u>LSP Assoc. v. Town of Gilford</u>, 142 N.H. 369, 374 (1997).

The trial court found that the petitioners proved that their property was assessed at a higher percentage of fair market value than other property in the town. Although the court disagreed with the petitioners' claim that the fair market value of their property in 2014 was $390,500, this does not mean that the petitioners failed to meet their burden of proof. In abatement proceedings, the superior court is authorized to decide whether a taxpayer is entitled to an abatement "and, if so, in what amount." <u>LSP Assoc.</u>, 142 N.H. at 374; <u>see</u> RSA 76:17 (Supp. 2016) (court "shall make such order . . . as justice requires"). The town taxed the petitioners' property in 2014 based upon its finding that the fair market value of the property was $653,000. The court concluded that the fair market value of the property was $459,980.24.

The town argues that the trial court's determination of fair market value is unsupported by the evidence because the petitioners failed to provide expert testimony. We have held that a property owner may testify as to the value of his own property. See, e.g., Simpson v. Calivas, 139 N.H. 1, 14 (1994). Moreover, although the town provided expert testimony, it was within the trial court's discretion to accept or reject the expert's testimony, in whole or in part. LLK Trust v. Town of Wolfeboro, 159 N.H. 734, 740 (2010). Determination of fair market value is an issue of fact, and we will not disturb a finding by a trial court unless it is clearly erroneous or unsupported by the evidence. Society Hill at Merrimack Condo. Assoc. v. Town of Merrimack, 139 N.H. 253, 255 (1994). "The findings of the trial court are within its sound discretion, particularly when a view has been taken." Sleeper v. Hoban Family P'ship, 157 N.H. 530, 537 (2008) (quotation omitted).

The petitioners' property is located on Dublin Lake. The record shows that the town assessed the value of lakefront properties by assigning to each property a "waterfront condition factor" that measured the desirability of the property's waterfront. The petitioners' property formerly consisted of three contiguous lots, including a small, waterfront lot. For the 2013 tax year, the town assigned a waterfront condition factor of 50 to the waterfront lot. In 2013, the petitioners merged their three lots into a single lot, and for the 2014 tax year, the town assigned a waterfront condition factor of 225 to the merged lot.

After conducting a view, the court found that the waterfront condition factor assigned to the petitioners' merged lot was too high. The court concluded that the petitioners' property "does not have anywhere close to as desirable a waterfront as the Stanley property or the Serhant property," two other properties located on the lake. The court noted that the Stanley property, which the town found to have a waterfront condition factor of 300, is entirely on the waterfront side of Lake Road, whereas the petitioners' property is bisected by Lake Road, with the petitioners' residence on the opposite side of the road from the lake. The court also noted that the Serhant property, which has a waterfront condition factor of 225, has a private, sandy beach on the waterfront, whereas the petitioners' property has no beach.

The court also compared the petitioners' property to the Flynn property, which includes a smaller, undeveloped waterfront lot across Lake Road from the residence, which is located on a separate lot. The town found the Flynn's waterfront lot to have a waterfront condition factor of 25. The court concluded, after "comparing the physical attributes of [the] different properties," that the waterfront condition factor of the petitioners' property should be 100.

The town argues that the petitioners, who asserted that the waterfront condition factor of their property should be 50, "simply recalculated the assessed value by reducing the waterfront condition factor from 225 to 50,"

and that the trial court repeated the petitioners' error by using the same method to arrive at its valuation, using a waterfront condition factor of 100. The record shows, however, that the town's increased assessment was entirely attributable to the increased value of the petitioners' waterfront following the merger of their three lots. In fact, the residence alone dropped in value from 2013 to 2014. The court agreed with the petitioners that the waterfront condition factor that the town assigned to the petitioners' property "understates the impact of having the undeveloped waterfront strip separated from the developed non-waterfront lot by Lake Road." Based upon this record, we conclude that the trial court's determination of fair market value is supported by the evidence. See Society Hill, 139 N.H. at 255.

The town also argues that the court erred in abating the petitioners' taxes because their case "was nothing more than a challenge to assessment methodology." We have held that "[d]isproportionality, and not methodology, is the linchpin in establishing entitlement to a petition for abatement." LLK Trust, 159 N.H. at 739. However, the record shows that the petitioners did not challenge the town's method of assessing lakefront property values by assigning a waterfront conditions factor to the lakefront properties; rather, they challenged the town's application of its method to their property, which the court agreed resulted in a valuation that was too high. We conclude that the petitioners met their burden of proving disproportionality. See LSP Assoc., 142 N.H. at 374.

The town also argues that the court failed to consider the price the petitioners paid for the three lots. The fact that the trial court did not discuss the purchase price of each lot in its order does not imply that the court did not consider this evidence. See In re Jonathan T., 148 N.H. 296, 304 (2002).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**